**In the Matter of the Estate of Permelia Brown, Deceased.**

**Charles B. French, Executor, Appellant, v. University of Chicago, Appellee.**

**Gen. No. 19,217.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook County; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914.

### Statement of the Case.

Application by Charles B. French, executor of the last will and testament of Permelia Brown, deceased, for an order of distribution. The Circuit Court, on appeal from an order of the Probate Court, directed the executor to pay to the University of Chicago, as the residuary legatee named in the will, a balance of $8,633.83 remaining in his hands at the

time of the final settlement of his accounts as such executor. To reverse the order, the executor appeals.

WARWICK A. SHAW, for appellant.

TENNEY, HARDING & SHERMAN, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 349*—*when published notice gives court jurisdiction to enter order of distribution.* Under section 112 of the Administration Act, J. & A. ¶ 161, requiring notice of final settlement to be given in such manner as the court may direct, notice by publication in accordance with a rule of the Probate Court of an executor's application for final settlement *held* sufficient to give the court jurisdiction of the persons of missing legatees, if living, and of their sole heir, if they are not living, and to authorize it to enter an order directing the payment of their legacies as lapsed legacies to the residuary legatee.

2. EXECUTORS AND ADMINISTRATORS, § 538*—*matters of which published notice for final settlement gives notice.* Notice by publication of an executor's presentation of his final account and application for final settlement and discharge is constructive notice to missing legatees, if living, and to their only heir, if dead, either that a final order of distribution would be entered or that payment had already been made to the residuary legatee subject to the approval of the Probate Court.

3. EXECUTORS AND ADMINISTRATORS, § 538*—*sufficiency of notice for final settlement.* Published notice of an application for final settlement *held* not insufficient, for the reason that the executor stated in his final accounts that he "proposed" to pay the legatees, "if living," the amount of their respective legacies, and to pay the balance to the residuary legatee.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.